## Kane *v.* American International Shipbuilding Corporation, Appellant.

*Constitutional law — Corporations — Governmental business — Private charter—Liability for suit.*

A private corporation, organized under the laws of Delaware, is a corporation with the rights, privileges and liabilities of such, notwithstanding the fact that its sole business is the building of ships for the United States government.

American International Shipbuilding Corporation, a corporation which is the agent of the United States Shipping Board Emergency Fleet Corporation, is subject to the jurisdiction of the Pennsylvania courts to the same extent as any other corporation doing business within the Commonwealth.

In an action of assumpsit for services rendered such corporation it cannot set up as a defense that it is a branch of the United States government, and a verdict against it for the amount claimed will be sustained.

Argued October 14, 1920. Appeal, No. 274, Oct. T., 1920, by defendant, from judgment of C. P. No. 5, Phila. Co., Sept. T., 1919, No. 1809, on verdict for plaintiff in the case of Joseph Kane v. American International Shipbuilding Corporation. Before PORTER, HENDERSON, TREXLER, KELLER and LINN, JJ. Affirmed.

Assumpsit for services rendered. Before STAAKE, J.

The facts are stated in the opinion of the Superior Court.

Verdict for plaintiff for $612.03 and judgment thereon. Defendant appealed.

*Error assigned* was refusal of defendant's offer, as set forth in the opinion of the Superior Court, and refusal of defendant's motion for judgment non obstante veredicto.

*William Y. C. Anderson,* Assistant Counsel United States Shipping Board Emergency Fleet Corporation, and with him *Charles D. McAvoy,* United States Attorney, and *A. Mitchell Palmer,* Attorney General of the United States, for appellant.—The appellant concedes that the court below had jurisdiction over its person, but contends that it had an absolute right to show that the court had no jurisdiction over the subject-matter involved in the case at bar: Com. v. Barnett, 199 Pa. 177; English v. English, 19 Pa. Superior Ct. 586, 595; U. S. v. Carlin, 259 Fed. 904.

The present suit in substance and effect is against the United States of America: Finance Corp. v. Landis, 261 Fed. 440; Ward v. Foulkrod, 264 Fed. 627; U. S. v. Coghlan, 261 Fed. 425; Gould Coupler Company v. Emergency Fleet Corporation, 261 Fed. 716; U. S. v. Union Timber Products Company, 259 Fed. 907; Oregon v. Hitchcock, 202 U. S. 60; Ballaine v. Alaska Railway, 259 Fed. 183.

*Latimer P. Smith,* for appellee.—Even conceding that the defendant is a governmental agency, it is still subject to suit under the conditions involved in this case: Haines, etc., v. The Emergency Fleet Corporation, 110 Atlantic Reporter 788; Bank of U. S. v. Bank of Georgia, 9 Wheat. 904, 907, 6 L. Ed. 244; Turnpike Road Co. v. Wallace, 8 Watts 316, 318; Seymour v. Turnpike Co., 10 Ohio 476, 483.

When a sovereign becomes a partner or stockholder in a private business the transactions of that company have no attributes of the sovereign power: Bank of U. S. v. Planters' Bank of Georgia, 9 Wheat. 907; Turnpike Co. v. Wallace, 8 Watts 316; Seymour v. Turnpike Co., 10

Ohio 476; Moore v. Trustee of W. & E. Canal, 7 Ind. 462; Mahoning v. Bank of Arkansas, 4 Ark. 620; Bank of the State of Alabama v. Gibson, 6 Ala. 814; Postmaster General v. Early, 12 Wheat. 136; The Lake Monroe Case, 250 U. S. 246; G. A. Flagg, 256 Fed. 852; United States v. Kinney, 264 Fed. 542.

OPINION BY TREXLER, J., March 5, 1921:

The plaintiff was employed by the American International Shipbuilding Corporation of the State of Delaware. This suit is brought for the recovery of a balance of $578.10 for labor performed as a member of its fire department. The defendant in its affidavit of defense admits that it employed the plaintiff as a fireman in the fire department. It asserts that it has no other business than that relating to the assemblying and fabricating of steel ships at Hog Island; that its transactions are solely as agent for the United States Shipping Board Emergency Fleet Corporation which latter corporation is an agency, arm, branch, instrumentality and office of the government of the United States. The defendant concedes that the court below has jurisdiction over its person but contends that the court had none over the subject-matter of the litigation. As the defendant is a corporation, we must start out with the proposition that it has the power to make contracts, and to be sued in its corporate name. We need not discuss the status of the United States Shipping Board Emergency Fleet Corporation in relation to the government and the effect of such relations on its liability to other parties. That has been done in Haines et al. v. Lone Star Shipbuilding Co., 268 Pa. 92; and in our own case of Sullivan v. Shipping Board, No. 186, October Term, 1920; see also United States v. Strange et al., U. S. Supreme Ct., advance opinions, page 174, January 3, 1921.

Our inquiry in this case is limited to the question whether the defendant has offered to produce any evidence which shows it is not liable upon the contract into

which it has entered. At the trial the plaintiff made the following offer: "I propose to prove by the witness on the stand that the relations between the American Shipbuilding Corporation, the defendant named in this suit, and the United States Shipping Board Emergency Fleet Corporation, are governed by certain contracts in writing, in which the United States Shipping Board Emergency Fleet Corporation, is described as representing the United States of America—that all of the work which has been done at Hog Island, Pennsylvania, has been done by the American International Shipbuilding Corporation solely and exclusively as the agent of the United States Shipping Board Emergency Fleet Corporation—that the only funds which have been expended at Hog Island, whether for ship construction or for wages, have been funds coming from the government of the United States, and that every expenditure of funds at Hog Island has been made through or under the supervision of the United States Shipping Board Emergency Fleet Corporation—that in particular, the fire department, of which the plaintiff was a member, was organized for the purpose of protecting the buildings and other structures at Hog Island which are and were the property of the United State Shipping Board Emergency Fleet Corporation. I further offer to prove that the defendant in this suit transacted no other business at Hog Island, or anywhere else, than the business for the United States Shipping Board Emergency Fleet Corporation, which latter corporation is the agency and arm of the government of the United States." The court after objection made, refused to admit this testimony. The court evidently considered that taking everything in the offer to be true the contract of employment being admitted, the defendant would not be relieved from its engagement to pay the plaintiff. The fact that the defendant acting in its own name was employed solely on government work would not relieve it. That, without

anything more, did not deprive the defendant of its power to contract.

The contracts which the defendant referred to in its offer, are printed in its paper-book, and we find nothing in them to sustain its position. Two contracts existing at the time the plaintiff was employed, are shown, the one, between the American International Corporation, of New York, and the United States Shipping Board Emergency Fleet Corporation is dated September 13, 1917. The other, dated September 28, 1917, between the American International Corporation, of New York, and the American International Shipbuilding Corporation, the defendant. The first standing alone being between corporations not parties to this suit would not be relevant, but assuming that defendant's status is determined by the provisions of both contracts, we find nothing in either that militates against the power of the defendant to employ workmen and to engage to pay them. The contract of September 28, 1917, the only one to which the defendant is a party, is stated to be for the purpose of creating a convenient agency to carry out the contract of September 13th, and the defendant therein agrees to provide the necessary organization, hire the necessary employees and laborers, and in all respects to carry out the said contract. The defendant is to receive no profit, but is to be reimbursed all its expenses and disbursements, said sums to be paid on demand as required. The contract of September 13th, to which the defendant is not a party, but which by the agreement of September 28th, it engaged to carry out, is equally bare of any provisions which would free the defendant from plaintiff's claim. The money to run the enterprise is to be furnished by the shipping board, but the International Corporation agrees to promptly pay all the labor and material. Assuming that the defendant takes the place of the International Corporation, there is nothing in the contract to show that the defendant should not deal directly with those furnishing materials and work, as in

the case before us where it dealt with the plaintiff in its own proper name and not as an agent for a disclosed principal. The contract also provides a profit for the International Corporation. It is not unlike many contracts made every day, in which the contractor engages to procure the labor and materials for an enterprise, and the other party agrees to advance such sums as are required from time to time. The agreement is long, and to review all its provisions would serve no good purpose and would unduly lengthen this opinion. We think that the defendant under the contracts has not shown as a matter of law that it is relieved from the payment of plaintiff's claim, the jury having decided that it is due and owing.

Judgment affirmed.